UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI A. ROBLES,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>    Defendant. | Civil Action No. 23-1740 (RK) (TJB) |
| LORI A. ROBLES,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSUNION LLC,<br><br>    Defendant. | Civil Action No. 23-2438 (RK) (TJB) |
| JESUS M. ROBLES,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 23-2572 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the September 20, 2023 Report and Recommendation of the Honorable Tonianne J. Bongiovanni entered in three related matters. ("R&R", ECF No. 10.)[1] The R&R recommends dismissing all three matters without prejudice

---

[1] Judge Bongiovanni entered an identical R&R in each of the three above-captioned matters, which is docketed at ECF No. 10 in Civil Action No. 23-1740; at ECF No. 15 in Civil Action No. 23-2438; and at ECF No. 11 in Civil Action No. 23-2572. When necessary for clarity, citations to the docket in this Opinion are preceded by the civil case number.

pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court has reviewed all relevant documents and submissions, adopts the R&R in its entirety, and **DISMISSES** the Complaints in the above-captioned three matters without prejudice.

I.   BACKGROUND

The relevant procedural history is captured in detail in Judge Bongiovanni's R&R and incorporated herein. (*See* R&R at 2–4.) The Court briefly recites the facts necessary to adopt the R&R.

Plaintiffs, Lori A. Robles ("Lori") and Jesus M. Robles ("Jesus"), are a married couple. (R&R at 2.) Lori filed separate actions in New Jersey state court against two credit reporting agencies, Defendants Experian Information Solutions Inc. ("Experian") and Transunion LLC, which Defendant in each action removed to this Court. (Civil Action No. 23-1740, Compl., ECF No. 1-2; Civil Action No. 23-2438, Compl., ECF No. 1-3.) Jesus also filed suit in New Jersey against Experian, which Experian also removed to this Court. (Civil Action No. 23-2572, Compl., ECF No. 1-1.)

Judge Bongiovanni conducted an Initial Conference on June 8, 2023 in Civil Action No. 23-1740. Lori did not participate in the conference. Defense counsel informed the Court that Lori had advised defense counsel that both Lori and Jesus wanted to dismiss their claims against Experian in Civil Action Nos. 23-1740 and 23-2572. (R&R at 2; *see also* Email from Lori to Defense Counsel on May 26, 2023, Ex. 1 to R&R.) The Court emailed Lori seeking confirmation of Plaintiffs' intent to dismiss their cases, to which the Court received no reply. (R&R at 2–3.) The Court issued a text order in both matters involving Experian, setting a rescheduled Initial Conference for July 25, 2023 and notifying Plaintiffs that their cases would be dismissed if they

failed to participate in the Conference or contact the Court to state whether they intended to prosecute their cases. (*Id.* at 3.) Plaintiffs did not appear for the July 25 Conference. (*Id.*)

In Civil Action No. 23-2438, Lori's suit against Transunion, the Court held the Initial Conference on June 21, 2023 and a rescheduled Conference on July 18, 2023. Lori did not appear for either conference. (Civil Action No. 23-2438, ECF Nos. 11, 12.) Judge Bongiovanni scheduled a third conference in that matter and emailed dial-in information to Lori, shortly after which Lori emailed Judge Bongiovanni's Chambers stating that she had already mailed a letter requesting the case be dismissed. (R&R at 4; *see also* Email from Lori to the Court on August 8, 2023, Ex. 2 to R&R.) Neither defense counsel nor the Court had received this letter. The Court requested clarification and confirmation that Lori and Jesus sought dismissal of all three of their claims against the credit reporting companies, shortly after which Lori and Jesus emailed the Court on August 8, 2023 "kindly request[ing] to dismiss the following cases that are currently pending and in proceedings with New Jersey Courts" and listed the names and docket numbers of the above-captioned matters. (R&R at 4; *see also* Email from Lori to the Court on August 8, 2023, Ex. 3 to R&R.)

Judge Bongiovanni's R&R issued on September 20, 2023. After cataloging the evidence of Plaintiffs' request to dismiss their actions and noting that neither Defendant has objected to dismissal, Judge Bongiovanni recommended dismissing the Complaints in each matter without prejudice pursuant to Rule 41(a)(2).

Per the Court's instruction, the R&R was mailed to Plaintiffs' address of record and emailed to the email address Plaintiffs had used to communicate with the Court. (R&R at 6.) Judge Bongiovanni allowed the parties fourteen (14) days to file any written objection to the proposed findings and recommendations. (*Id.* at 5.) To date, no party has filed any objection to the R&R in

any of the three cases in which it was entered. The Court is also unaware of any other communications with Chambers—via telephone or email—indicating that any party objects to the R&R.

## II.   **LEGAL STANDARD**

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within fourteen (14) days of service. The District Court may consider the record developed before the Magistrate Judge and need not conduct independent factfinding. Local Civ. R. 72.1(c)(2). When a report and recommendation is uncontested, the District Court is not required to apply a particular standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (discussing 28 U.S.C. § 636(b)(1)); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). "At a minimum, 'what is not objected to, the district court reviews under the plain error or manifest injustice standard.'" *Brainbuilders, LLC v. Optum, Inc.*, No. 18-638, 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (quoting *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *3 (D.N.J. Oct. 12, 2012)).

Federal Rule of Civil Procedure 41 provides for a plaintiff to request that the Court dismiss a pending case:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Courts have adopted a "liberal policy" for plaintiffs seeking voluntary dismissal, and the Third Circuit instructs that Rule 41 motions generally "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli*

4

*R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 James Wm. Moore et al., Moore's Federal Practice ¶ 41.05[1] (1988)); *see also Andreozzi v. Warden McKean FCI*, 828 F. App'x 141, 145 (3d Cir. 2020) ("Ordinarily, a motion for voluntary dismissal without prejudice under Rule 41(a)(2) should be granted in the absence of prejudice to the opposing party.").

### III.   DISCUSSION

No party has objected to the R&R. As Judge Bongiovanni determined, Plaintiffs explicitly requested dismissal of all three actions and have failed to participate in the multiple conferences set in the cases. The Court made multiple efforts to encourage Plaintiffs to prosecute their cases, which were unsuccessful. After much prompting, Plaintiffs contacted the Court to request that the cases be dismissed. There is no clear error to the R&R's finding that Plaintiffs have requested dismissal.

Further, no Defendant has pleaded a counterclaim against Plaintiffs in any of the three matters. Nor has either Defendant objected to the R&R, let alone identified a way in which dismissal would prejudice them. Indeed, given that each of the three cases is in its infancy, Defendants are unlikely to have expended significant resources on them, such as would give the Court pause before dismissing without prejudice. *See In re Pazzo Pazzo, Inc.*, No. 18-1216, 2022 WL 3678250, at *9 (D.N.J. Aug. 25, 2022) (cataloging factors that might evidence prejudice to a defendant to dismissing under Rule 41(a)(2)).

Therefore, the Court adopts the R&R's determination that Plaintiffs have requested dismissal and that dismissal without prejudice under Rule 41(a)(2) is proper. The Court will **DISMISS** the Complaints in each of the three cases without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Complaints in each of the three above-captioned matters, (Civil Action No. 23-1740, ECF No. 1-2; Civil Action No. 23-2438, ECF No. 1-3; Civil Action No. 23-2572, ECF No. 1-1), are **DISMISSED** without prejudice. An appropriate Order follows.

                                                                                          _____
                                                                                          **ROBERT KIRSCH**
                                                                                          **UNITED STATES DISTRICT JUDGE**

Dated: October 10, 2023